**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| DAVID G. PEREGRIN, | ) | No. 12 B 26800 |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| | ) | |
| TIMOTHY D. BOWEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 12 A 1464 |
| | ) | |
| DAVID G. PEREGRIN, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Before the court for ruling is the motion of defendant David G. Peregrin to dismiss the adversary proceeding of plaintiff Timothy D. Bowen for lack of standing. For the reasons that follow, the motion will be granted.

**1. Background**

The facts are taken from the parties' papers and from the court's docket (of which the court can take judicial notice, *see In re Brent*, 458 B.R. 444, 455 n.5 (Bankr. N.D. Ill. 2011)). No facts are in dispute.

This matter arises out of allegedly defamatory statements that resulted in the firing of a high school basketball coach. Bowen was a teacher at Grayslake Central High School in Grayslake, Illinois, and head coach of the boys varsity basketball team. Peregrin, whose son was apparently a member of the team, allegedly engaged in a campaign of defamatory statements to

school officials to convince them to terminate Bowen as coach. Among other things, Bowen says, Peregrin told school officials that Bowen had mentally and physically abused his players, had threatened people, and could not control himself. Peregrin's campaign was successful: Bowen was terminated as the team's coach.

In 2008, Bowen brought a civil action for defamation against Peregrin in Illinois state court. The action was dismissed, and Peregrin was awarded attorney's fees. Bowen appealed, and the Illinois Appellate Court reversed the dismissal. The action appears to have been remanded to the circuit court where it remains pending.

Because of the attorney's fee award against him in the state court action, Bowen filed a chapter 7 bankruptcy case in August 2010. On his Schedule B, Bowen was required to disclose his personal property. Under the category "[o]ther contingent and unliquidated claims of every nature," Bowen checked "None," omitting the defamation action. In answer to question No. 4 on his Statement of Financial Affairs concerning suits and administrative proceedings to which the debtor is or was a party within a year before the bankruptcy, Bowen disclosed his state court defamation action but gave as its status: "Judgment entered against Debtor, attorneys fees awarded to defendants." Bowen did not disclose his appeal. Nor did he ever amend his schedules or Statement of Financial Affairs after the dismissal was reversed on appeal to disclose that the action was pending and was a contingent and unliquidated claim belonging to him.

In September 2010, the trustee filed a "Report of No Distribution" in Bowen's bankruptcy case indicating that the estate had been fully administered and no property was available for distribution to creditors. According to Bowen, the unfavorable decision in the defamation action was reversed only after the no-distribution report was filed. Bowen says he notified the trustee in writing of the reversal and remand, and she responded that she did not intend to pursue the action for the benefit of Bowen's creditors. (The trustee confirmed her lack

-2-

of interest on October 5, 2012, when Peregrin presented his motion to dismiss this adversary proceeding.)  However, the trustee never sought to abandon the action, and neither Bowen nor anyone else sought to compel its abandonment.  Bowen's bankruptcy case remains open and pending.

In July 2012, Peregrin and his wife filed a chapter 7 bankruptcy case of their own.  They received a discharge in September 2012, and the case has been closed.  Before the case was closed, however, Bowen filed an adversary proceeding against Peregrin asserting that Peregrin owed him a debt non-dischargeable under section 523(a)(6) of the Bankruptcy Code, 11 U.S.C. § 523(a)(6).  Bowen's complaint was based on the same alleged instances of defamation that formed the basis of his action against Peregrin in the state court.

Peregrin now moves to dismiss Bowen's adversary proceeding for lack of subject matter jurisdiction on the ground that Bowen has no standing to pursue it.

## 2.  Discussion

Peregrin is correct that Bowen lacks standing to pursue the claim.  Only the trustee in Bowen's bankruptcy case has standing.  Peregrin's motion to dismiss will therefore be granted and the adversary proceeding dismissed for lack of standing – but not, as explained below, for lack of jurisdiction.

### a.  The Two Aspects of Standing

As a general matter, the concept of standing concerns whether a litigant "is entitled to have the court decide the merits of the dispute or of particular issues."  *Warth v. Seldin*, 422 U.S. 490, 498 (1975).  In federal courts, however, there are two types of limitations on standing – one constitutional, the other prudential, *id.*

The constitutional limitation stems from the "case or controversy" requirement in Article

-3-

III. To satisfy it, a plaintiff must have suffered an injury in fact fairly traceable to the defendant's conduct and likely to be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). This limitation is jurisdictional. *See Morrison v. YTB v. Int'l, Inc.*, 649 F.3d 533, 535 (7th Cir. 2011). Bowen, however, easily meets the requirements for constitutional standing since he alleges an injury traceable to Peregrin's conduct and likely to be redressed by a favorable decision.

Prudential limitations on standing lack this constitutional dimension, *Rawoof v. Texor Petroleum Co.*, 521 F.3d 750, 756 (7th Cir. 2008), and are "essentially matters of judicial self-governance" designed to ensure that courts resolve only those disputes that are suitable for judicial resolution, *Warth*, 422 U.S. at 499-500. One is that a plaintiff is in fact the person entitled to bring the action – that, in other words, "the named plaintiff owns the claim . . . ." *RK Co. v. See*, 622 F.3d 846, 851 (7th Cir. 2010). This limitation is embodied in the requirement of Rule 17(a)(1) that an action must be prosecuted "in the name of the real party in interest," Fed. R. Civ. P. 17(a)(1) (made applicable by Fed. R. Bankr. P. 7017). *See RK Co.*, 622 F.3d at 851 (noting that "Rule 17(a) [is] a codification of this non-constitutional limitation on standing"); *Rawoof*, 521 F.3d at 757.

Questions about who is the proper plaintiff to pursue a claim belonging to a bankruptcy estate, the debtor or the trustee, are questions under Rule 17(a) about who is the real party in interest. *See, e.g., Lujano v. Town of Cicero*, No. 07 C 4822, 2012 WL 4499326, at *5 (N.D. Ill. Sept. 28, 2012); *Van Sickle v. Fifth Third Bancorp*, No. 12-11837, 2012 WL 3230430, at *2-*3 (E.D. Mich. Aug. 6, 2012); *Garcia v. American Security Ins. Co.*, No. 8:12-cv-00728-EAK-EAJ, 2012 WL 2589862, at *1-*2 (M.D. Fla. July 3, 2012). Although these questions do concern standing, they are not constitutional and so are not jurisdictional. *See Rawoof*, 521 F.3d at 756 (advising that "[t]he requirements of Rule 17 should not be confused with the jurisdictional

-4-

doctrine of standing"); *Lujano*, 2012 WL 4499326, at *5 (stating that defects in prudential standing do not affect a court's subject matter jurisdiction).

In this case, Peregrin is challenging Bowen's standing but only on the ground that Bowen is not the real party in interest under Rule 17(a). He raises a prudential standing argument, not a constitutional one. Peregrin can accordingly succeed on his challenge without any effect on the court's jurisdiction. *Id.* (stating that a plaintiff can "allege an injury that satisfies Article III and still be without prudential standing").

### b. Bowen's Standing

Bowen is not the real party in interest under Rule 17(a) entitled to pursue the claim. Because Bowen's claim in the adversary proceeding is property of the estate in his bankruptcy case, only the trustee has standing to pursue the claim. And although Bowen could regain standing if the trustee abandoned the claim, she has not abandoned it.

The filing of a bankruptcy petition creates an estate consisting of the debtor's property. 11 U.S.C. § 541(a). The Bankruptcy Code's definition of property is "broad," *United States v. Whiting Pools, Inc.,* 462 U.S. 198, 205 (1983), encompassing "all legal or equitable interests of the debtor in property," 11 U.S.C. § 541(a)(1). Included in the bankruptcy estate are claims and causes of action belonging to the debtor on the petition date. *Whiting Pools,* 462 U.S. at 205 n.9; *Auday v. Wet Seal Retail, Inc.*, ___ F.3d ___, ___, 2012 WL 5259002, at *2 (6th Cir. Oct. 25, 2012); *Cannon-Stokes v. Potter*, 453 F.3d 446, 448 (7th Cir. 2006); *Polis v. Getaways, Inc. (In re Polis)*, 217 F.3d 899, 901 (7th Cir. 2000); *Cable v. Ivy Tech State College*, 200 F.3d 467, 472-73 (7th Cir. 1999); *Holstein v. Knopfler (In re Holstein)*, 321 B.R. 229, 234 (Bankr. N.D. Ill. 2005). There is no dispute that Bowen's defamation claim against Peregrin accrued prepetition – indeed, Bowen had already sued Peregrin in the state court – and the claim therefore became part

of Bowen's estate on the petition date.

Because the claim is property of the estate, only the trustee can pursue it. It is well-established that in a chapter 7 case, the trustee alone has standing to pursue claims that are property of the estate. *Auday*, ___ F.3d at ___, 2012 WL 5259002, at *2; *Gunartt v. Fifth Third Bank (In re Gunartt)*, 355 F. App'x 66, 68 (7th Cir. Dec. 11, 2009); *Matthews v. Potter*, 316 F. App'x 518, 521 (7th Cir. 2009); *Cable*, 200 F.3d at 472-74 ("In liquidation proceedings, *only* the trustee has standing to prosecute or defend a claim belonging to the estate."); *Lujano*, 2012 WL 4499326, at *5; *Agri-Best Holdings, LLC v. Atlanta Cattle Exchange, Inc.*, 812 F. Supp. 2d 898, 900 (N.D. Ill. 2011); *In re Enyedi*, 371 B.R. 327, 332 (Bankr. N.D. Ill. 2007). The trustee, not Bowen, is therefore the real party in interest with standing to pursue the section 523(a)(6) claim in this adversary proceeding. *See In re Cundiff*, 227 B.R. 476, 478 (B.A.P. 6th Cir. 1998) (observing that a trustee in one bankruptcy case has standing to pursue a dischargeability claim in another bankruptcy case).

It is true, as Bowen notes, that a debtor can regain standing if the claim is abandoned. *See Matthews*, 316 F. App'x at 521; *Enyedi*, 371 B.R. at 333. But the claim here has not been abandoned. Section 554 of the Code provides three ways in which property can be abandoned. *See* 11 U.S.C. § 554. Section 554(a) permits a trustee to abandon property "[a]fter notice and a hearing." 11 U.S.C. § 554(a). If the trustee does not request abandonment, section 554(b) allows the court to order him to abandon property "[o]n request of a party in interest and after notice and a hearing." 11 U.S.C. § 554(b). And if all else fails, section 554(c) says that property scheduled under section 521(a)(1) and not administered at the time the case is closed "is abandoned to the debtor." 11 U.S.C. § 554(c).

Bowen's claim was not abandoned in any of these ways. The trustee never sought to abandon the claim after notice and a hearing under section 554(a). Nor did any other party in

interest – including Bowen himself – request an order under section 554(b) compelling the trustee to abandon the claim. As for section 554(c), that provision deems property abandoned only when the case is closed, and Bowen's case is still open. *See, e.g., Auday*, ___ F.3d at ___, 2012 WL 5259002, at *2 (holding claim was not abandoned when there had been no notice or hearing and bankruptcy case was still open). Even if the case had been closed, the claim was never scheduled as an asset (since Bowen never amended his Schedule B or Statement of Financial Affairs to disclose it), and an asset not scheduled is not abandoned on case closing. *Morlan v. Universal Guaranty Life Ins. Co.*, 298 F.3d 609, 618 (7th Cir. 2002); *Jeffrey v. Desmond*, 70 F.3d 183, 186 (1st Cir. 1995); *Cundiff*, 227 B.R. at 478-79; *Lujano*, 20012 WL 4499326, at *7; *see Auday*, ___ F.3d ___, ___, 2012 WL 5259002, at *2 (making this observation in identical circumstances).

Bowen argues that the trustee filed a "no distribution report." But a "no distribution report" is "simply . . . a report." *Ultimore, Inc. v. Bucala (In re Bucala)*, 464 B.R. 626, 634 (Bankr. S.D.N.Y. 2012). It is not "equivalent to abandonment of [an] asset," since abandonment "may only be accomplished as outlined in section 554 . . . ." *Id. see also Schwaber v. Reed (In re Reed)*, 940 F.2d 1317, 1321 (9th Cir. 1991); *O'Hare Midway Limousine Service, Inc. v. Conroy (In re Conroy)*, Nos. 05 B 26056, 05 A 2058, 2006 WL 1005065, at *3 (Bankr. N.D. Ill. Apr. 17, 2006); *Glucona Am., Inc. v. Ardisson (In re Ardisson)*, 272 B.R. 346, 351 n.1 (Bankr. N.D. Ill. 2001).

Bowen also argues that he told the trustee about the claim at his creditors meeting, he notified her that the dismissal of the state court action had been reversed, and the trustee told him she did not intend to pursue the claim. But again, abandonment can only be accomplished in the fashion section 554 describes. *Morlan*, 298 F.3d at 618; *Ultimore*, 464 B.R. at 634. A trustee's private communication to a debtor that she does not intend to administer an unscheduled asset of

which she has been notified does not satisfy sections 554(a) or (b), even when the trustee later repeats the statement in court as the trustee here did, because there is no notice to creditors of the intent to abandon and no hearing. *See* 11 U.S.C. §§ 554(a), (b); *Morlan*, 298 F.3d at 618 (finding no abandonment under section 554(a) or (b) in the absence of notice, a hearing, or a court order).

The requirements for abandonment in section 554 "are exacting." *Morlan*, 298 F.3d at 618. Section 554(d) specifically declares that property "not abandoned under this section . . . remains property of the estate." 11 U.S.C. § 554(d). Because Bowen's claim against Peregrin is property of his bankruptcy estate that has not been abandoned, Bowen lacks standing to pursue the claim.

### c. Dismissal

The remaining question is whether Bowen's adversary proceeding should be dismissed. The answer, under the unusual circumstances here, is yes.

An action not prosecuted by the real party in interest must be dismissed. *Shirley v. Jed Capital, LLC*, 724 F. Supp. 2d 904, 915 (N.D. Ill. 2010); *see, e.g., International Med. Grp. v. American Arbitration Ass'n, Inc.*, 312 F.3d 833, 844 n.4 (7th Cir. 2002); *Nationwide Acceptance Corp. v. Markoff, Krasny, Goldman & Grant*, No. 99 C 5632, 2000 WL 1230434, at *4-5 (N.D. Ill. Aug. 23, 2000). True, Rule 17(a)(3) bars dismissal until "a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action." Fed. R. Civ. P. 17(a)(3). But this provision does not apply to every action prosecuted by the wrong party. 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 1555 at 570 (3d ed. 2010. In particular, it does not apply when "the determination of the right party to bring the action was not difficult and when no excusable mistake ha[s] been made." *Id.* at 571;

*see also Metalworking Lubricants Co. v. U.S. Fire Ins. Co.*, 460 F. Supp. 2d 897, 902 (S.D. Ind. 2006).

Even when Rule 17(a)(3) does apply, moreover, the action will be dismissed if the real party in interest has not ratified, joined, or been substituted into the action after a "reasonable time." Fed. R. Civ. P. 17(a)(3). What is "reasonable" is a matter for the court's discretion and depends on the facts of each case. *Wielgus v. Ryobi Techs., Inc.*, No. 08 C 1597, 2012 WL 1339489, at *2 (N.D. Ill. Apr. 18, 2012); *Tate v. Snap-On Tools, Inc.*, No. 90 C 4436, 1997 WL 106275, at *8 (N.D. Ill. Feb/. 11, 1997); 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *supra*, § 1555 at 575-576.

The current adversary proceeding does not present a situation where determining the proper plaintiff was difficult and Bowen's mistake was excusable. "[T]he law very clearly holds that a Chapter 7 debtor has no ability to pursue pre-petition legal claims, which by operation of law become property of the bankruptcy estate." *Agri-Best*, 812 F. Supp. 2d at 900. Rule 17(a)(3) therefore is irrelevant and no bar to dismissal. *See Van Sickle*, 2012 WL 3230430, at *3 (deeming Rule 17(a)(3) "inapplicable" given that the trustee's exclusive standing to pursue claims belonging to a chapter 7 debtor's bankruptcy estate is "clearly established").

What is more, the trustee has already had a reasonable time to ratify, join, or be substituted into the adversary proceeding. She appears to have known about the claim for some time but has repeatedly declined to pursue it, declaring as much most recently in court on October 5. Nearly two months have passed since then, and the trustee has taken no steps to pursue the claim. As for Bowen, he has always been able under section 554(b) to move to compel abandonment of the claim – a motion that if granted would cause standing to revert to him, *Auday*, ___ F.3d at ___, 2012 WL 5259002, at *2 – but he has not done so. He admits as much in his response to Peregrin's motion to dismiss, explaining that he "has not sought

abandonment of this claim" because he believes the claim would pay all of his unsecured debts "[i]f the trustee were to reverse her position." (Resp. at 4). Twice, though, the trustee has said she has no interest in the claim, and she has given no sign of changing her mind. Still, Bowen has not sought abandonment. Peregrin should not be forced to sit in limbo indefinitely, subjected to an adversary proceeding in search of a proper plaintiff.

With the real party in interest unwilling to pursue the claim and Bowen unwilling to take the steps necessary to become the real party in interest, the adversary proceeding lacks a proper plaintiff and must be dismissed under Rule 17(a)(1). The dismissal will be without prejudice. *See Van Sickle*, 2012 WL 3230430, at *3.

### 3. Conclusion

For these reasons, the motion of defendant David G. Peregrin to dismiss the adversary proceeding of plaintiff Timothy D. Bowen for lack of standing is granted. The adversary proceeding is dismissed without prejudice. A separate order will be entered in accordance with this opinion.

Dated: November 28, 2012

                                          A. Benjamin Goldgar
                                          United States Bankruptcy Judge